Mrs. John A. Krall, Robert S. Withers, Mrs. A. E. Perkins, Cecil C. Way, and Mrs. F. R. Hulse, Respondents, v. Charles C. Light and Helene C. Light, Appellants.—210 S. W. 2d 739.

Kansas City Court of Appeals.   Opinion delivered February 9, 1948.

*George V. Aylward* and *Ward A. Dorsey* for appellants.

*W. B. Teasdale,* of counsel.

482

*Conn Withers* and *Francis G. Hale* for respondents.

SPERRY, C.—This is a suit in equity, brought by a group of persons who are described in the petition as "* * * members of Urban Heights Community Club, * * * an unincorporated association, and bring this action in behalf of themselves and all members of said club, as a class." Defendants are the legal owners of a tract of land, 60 x 80 feet, in Clay County, Missouri, upon which plaintiffs and other members of said club erected, and maintain, an adequate but modest building, used as a community club house. In February, 1940, defendants locked said building and posted a notice thereon to the effect that anyone found on said premises would be prosecuted.

The petition is in two counts, and was filed March 21, 1946. In the first count plaintiffs alleged that one Smiley, then the legal owner of said real estate, leased it to the Urban Heights Community Club, by written instrument, for a term beginning September 1, 1921 and ending September 1, 1946, with an option therein for renewal upon payment of the sum of One Dollar; that said lease was duly filed of record in the office of the recorder of deeds long prior to the date of acquisition of ownership of said tract by defendants; that plaintiffs are the present trustees of the Urban Heights Community Club, which has complied with all conditions mentioned in said lease; that they have tendered defendants One Dollar and demanded a renewal of said lease, in accordance with the option contained therein; that defendants have posted a notice on the club building warning every one against coming on the property, have demanded possession thereof, and have refused to grant a renewal of the lease; that defendants, prior to purchase, knew of plaintiff's rights and of their occupancy and possession of the property; and they pray for a determination and declaration of the rights of the parties under said lease, and that defendants be required to execute a renewal of same.

In the second count plaintiffs pray that defendants be restrained from going upon the property and from interfering with plaintiff's use thereof.

The lease was, by reference, made a part of the petition and a copy thereof filed, which is as follows:

484

" .

THIS INDENTURE, made and entered into this 1st day of September, A.D. 1921, by and between John R. Smiley of the County of Clay and State of Missouri, party of the first part, and the Urban Heights Community Club of the County of Clay, State of Missouri, Party of the second part.

"WITNESSETH:

That said party of the first part, for and in consideration of the covenants and agreements hereinafter mentioned to be kept and performed by the said party of the second part, its successors and assigns, has demised and leased to the said party of the second part, the following described real estate lying, being and situate in the County of Clay, and the State of Missouri, to wit:

\* \* \* \* \* \* \* \* \*

" To have and to hold the said above described real estate, with all the privileges and appurtenances thereto belonging (save and except such as are hereinafter specifically reserved by the said party of the first part), unto the said party of the second part, its successors and assigns, for the term of twenty five years beginning on the 1st of September, A. D. 1921 and ending on the 1st day of September A.D. 1946, on the following terms and conditions, to wit:

" The said party of the second part, in consideration of the leasing of the premises aforesaid to it by the said party of the first part aforesaid, does hereby covenant and agree to and with the said party of the first part, his heirs, executors, administrators and assigns, that for the use and rent of said real estate and the appurtenances thereunto belonging for the whole term as above set out it will pay the said Kirkland Realty Company, Agents, or to their order, the sum of One dollar and other valuable considerations, receipt of which is hereby acknowledged.

' Filed March 27th, 1946

Frank Prewitt, Clerk. '

" The said party of the first part makes the following reservations and exceptions, to wit: If at any time during the life of this lease the Urban Heights Community Club should become inactive and cease to operate and function as a Club and cease to be represented by a Board of Trustees as their representatives and managers, then this lease shall become null and void.

" Second parties agree to build and maintain a good, substantial fence around the above described lot and not allow any damage or abuse to adjoining property of the first party, which said reservations and exceptions are agreed to by the said party of the second part.

" Said party of the second part further agrees that neither it nor its legal representatives will sublet or re-rent said premises or any part thereof by the week, month or year, or assign this lease, without the written consent of the said party of the first part; that it will at all times during the continuance of this lease, at its own expense and labor (excepting as may be hereinafter agreed to the contrary), maintain and repair all the buildings and fences belonging to said premises at the commencement of this lease, or which may be at any time during its continuance erected thereon; that it will take good care of the buildings and premises, keep the same free from filth, from danger of fire, or of any nuisance, and from all uses 'and conditions forbidden by any fire insurance policy issued thereon, and that .it will prevent waste on said premises, and will peacefully deliver up at the termination of this lease to the said party of the first part, his executors, administrators or assigns, together with all keys, bolts, latches and repairs, if any loss by fire, storm and unavoidable accident, and ordinary wear and tear, only excepted. Privilege of renewal of lease at expiration, or purchase of the lot any time during the term thereof, is hereby granted party of the second part by party of the first part.

" In Witness whereof, the said parties hereto have set their hands and seals to three copies hereof to be retained by each party hereto, on this first day of September, A.D. 1921.

"                              John R. Smiley (Seal)
                               Urban Heights Community Club
                               By C. O. Link, Pres. (Seal)
                               Ethel Massie Withers (Seal)
                               E. E. Kirkland        (Seal) "

After hearing the evidence the court rendered judgment for plaintiffs, as prayed. Defendants have appealed.

The evidence came from the witnesses of plaintiffs, defendants having offered no testimony. However, they did introduce into evidence a number of exhibits during their cross examination of plaintiffs' witnesses; and they cross examined one of plaintiffs' witnesses concerning a copy of the lease, referred to by counsel as defendants' exhibit O, but defendants did not introduce their exhibit "O" into evidence. The evidence was to the following effect: On February 26, 1920, John R. Smiley, E. E. Kirkland, Spurgeon B. Campbell and E. H. Norton purchased from Joe Morrow a tract of 83 acres of land in what is known as Urban Heights, near Liberty, in Clay County, and caused same to be, by said Morrow, transferred of record to E. H. Norton, trustee for the Urban Land Company; on said date the above parties executed and filed for record, in the office of the recorder of deeds of Clay County, an instrument designated "Articles of Agreement and Declaration of Trust of the Urban Land Company," wherein

the four above named purchasers were named as shareholders in the trust, and it was provided that legal title to said real estate should be vested. in E. H. Norton, trustee, together with exclusive power of management, lease and sale with power to execute all necessary instruments in writing in the performance of said trust. The evidence further disclosed that the lease was signed, but not acknowledged, on September 1, 1921; that on March 20, 1922, certain real estate contiguous to and including this lot was conveyed to John R. Smiley by E. H. Norton, trustee; that said deed of conveyance was filed for record on the 21st day of March, 1922; that on March 31, 1923, this land, including the lot which is the subject of this law suit, was conveyed to Kenneth P. and Kathleen Middleton by Norton, trustee and, on the same day, John R. Smiley also conveyed same to the Middletons; that thereafter said property was, by the above grantee, conveyed to Guy Middleton who, in 1944, conveyed it to defendants; that all parties who signed the lease acknowledged their signatures thereto on May 22, 1922; that it was filed for record December 20, 1926; that said lease was not included in the abstract of title furnished to defendants when they purchased the land.

The evidence also tended to prove that the Urban Heights Community Club was formed shortly after Smiley and his associates purchased the land; that it was an active organization from that time forward, and was alive and active at the time of the trial; that some thirty five families in that community were members, and paid yearly dues; that the club, at all times, from and after its organization, had officers and a board of trustees, the officers having constituted said board for a number of years prior to the trial by reason of a change in the club's constitution and by-laws; that the club built a house on the property immediately after the lease was made, and has added to it and improved the property from time to time thereafter; that the club members, by their own labor and by hired labor, kept the property in reasonably good repair and condition throughout this tenancy, but that it has not been kept in as good condition during the war years, because of scarcity of materials and labor, as it was prior thereto; that many community activities were regularly carried on in the property, by various civic organizations and groups, such as Farm Clubs, Women's Clubs, Boy Scouts, and Church gatherings; that the club house was rented one year to the school board for school purposes, and the school was conducted therein during that year.

Plaintiffs have moved the dismissal of this appeal on the grounds that the notice of appeal recites that said appeal is taken from the judgment rendered in this case on October 16, 1946. Plaintiffs say that there was no judgment rendered as of that date; that judgment was rendered on November 19, 1946, but that no notice of appeal was filed as to that judgment.

Defendants filed the following instrument as a notice of appeal:

" CIRCUIT COURT FOR THE COUNTY OF CLAY

State of Missouri

" Mrs. John A. Krall, Robert S. Withers, Mrs. A. E. Perkins, Mrs. Cecil C. Way and Mrs. F. R. Hulse, Plaintiff—

vs.

Charles C. Light and Helene C. Light, Defendant—No. 17702.

" NOTICE OF APPEAL

Notice is hereby given that Charles C. Light and Helene C. Light defendants above-named, hereby appeal—to the Kansas City Court of Appeals from the final judgment entered in this action on the 16th day of October, 1946, defendants' amended motion for a new trial having been filed on the 22nd day of October, 1946 and overruled November 10, 1946.

Ward Dorsey
George Aylward
Attorney for defendants
Dated November                    Address 1215 Commerce
19, 1946                          Building, Kansas City,
Missouri.''

The above notice indicates an attempt, in good faith, to appeal from a final judgment rendered in this case. It does not appear that plaintiffs have been "misled to their irreparable harm," by reason of the irregularity of which complaint is made. The motion is overruled. Weller v. Hayes Truck Lines, 355 Mo. 695. 197 S. W. 2d, 657; Park v. Park, 190 S. W. 2d, 285; Terry v. Metropolitan Life Insurance Company, (not yet published), our docket No. 20892.

From the facts of record it appears that, at the time this lease was dated, September 1, 1921, the lessor had no legal title to the property; that he did, thereafter, acquire legal title and, while possessed thereof, acknowledged execution of the lease and that the lease was not filed for record until after lessor had sold and transferred his interest in the real estate involved.

The evidence was to the effect that after the purchase of the 83 acre tract by Norton, Kirkland, Smiley and Campbell, and before the lease was made, it was agreed between them that the tract, of which this lot was a part, would be transferred to Smiley and that Smiley should enter into this lease. The construction of a club house thereon was desired by Smiley and by his associates as it was thought that it would aid the promoters in making sales in the development of the tract as a residential district. The club built a house thereon and it was in use, bearing a large sign which announced its character, long prior to and at the time defendants purchased the real estate involved.

At the close of all of the evidence defendants moved for a directed verdict. It is contended that the court erred in overruling said motion,

first, for the reason that plaintiffs lack legal capacity to take title to the lease, or to enforce specific performance of the option of renewal. It is urged that since the Urban Heights Community Club is not a corporate entity, but is a voluntary, unincorporated society, it can neither sue nor be sued, nor can it take or hold title to property. Rockhill Tennis Club v. Volker, 56 S. W. 2d, 9, and Prairie Slough Fishing and Hunting Club v. Kessler, 252 Mo. 424, 159 S. W. 1080, l. c. 1083, are cited in support of this contention.

In each of those cases a society had been incorporated under and by virtue of a pro forma decree and granted a charter for ''benevolent, scientific and educational'' purposes. It was held that such a corporation could not acquire property, or hold title thereto, to be used for purposes other than those mentioned in the charter; that such was in violation of its corporate powers.

Defendants also cite and rely on the case of Douthitt v. Stinson, 63 Mo. 268. In that case certain real estate was deeded to ''Board of Directors of the Town of Lancaster, and the Lancaster Seminary.'' The court said, l.c. 277:

''It is essential to a deed that it should have a grantor and a grantee. A deed implies a contract, and to a sealed contract there must be competent parties, and whether the grantee named in this deed could take is a question very much of authority and precedent, which if uniform, we cannot safely disregard. The remarks of Judge Leonard in Arthur vs. Weston (22 Mo. 383), where a similar question arose, may with propriety be repeated here: 'It is a matter of great interest to the country that its land titles should be kept as free as possible from uncertainty. For this purpose the law has required them to be put in writing, and in order to give them publicity has also required that they be put upon a public registry. That these provisions may be effectual for the purposes for which they were intended, the rules of the common law, as to the designation of parties, must be maintained in their vigor.' ''

It was held that had the deed been made to one or more of the board by name it might have been held good, but that, as drawn, the deed was a ''nullity.'' The theory underlying this decision, and others of a like character, is that a transfer of real estate implies a contract and that there must be someone to receive title as well as someone to grant.

The case has been cited as authority, on this particular point, many times and, so far as we can discover, is the law. See Sheppard's Missouri Citations Vol. 1, 1932. In Normandy Consolidated School District v. Harral, 286 S.W. 86 l.c. 92, the Supreme Court held that an unincorporated voluntary association cannot, as such and under its name, take title to property, but that it may take title by and in the name of trustees.

In White Oak Grove Benevolent Society v. Murray, 145 Mo. 622, l.c. 628, 629, the doctrine is reaffirmed but it is there pointed out that such doctrine had been applied to the legal estate and that the equitable rights of the parties were not involved in cases where it had been applied.

For the purpose of conveyances, a leasehold of real estate for a term of years is considered to be real estate, but otherwise it is to be treated as personal property. Orchard v. Store Company, 225 Mo. 414 l.c. 437. Whether it is real or personal property, the general rule is that a voluntary unincorporated society, or association, has no legal existence and cannot take or hold property in its own name, as such. 4 Am. Jur. 477, par. 34; nor enter into a contract, 4 Am. Jur. 40; 7 C.J.S., pages 74, 75, 76, 77. An officer who signs a contract for an association as a disclosed principal is not liable thereon, as an officer, absent a personal promise or circumstances establishing such an agreement, 4 Am. Jur. 482, par 42, Little Rock Furniture Manufacturing Company v. Kavanaugh, 51 A.L.R. (N.S.) 406; but a member of the association who signs a contract, together with all other members who signed, or authorized, or ratified the signing of the contract are liable. 7 C.J.S. 78. See Stone v. Guth, 102 S.W. 2d, 738, l.c. 741.

No Missouri case is cited where the facts are similar to those in the case at bar. However, plaintiffs cite Lamm v. Stoen, an Iowa case, 284 N.W. 465, 121 A.L.R. 627. In that case a successor to the title of an original owner and lessor sought to oust an unincorporated society from its tenancy of a building, occupied by virtue of a lease to it in its name, executed for it by its president and signed by the prior owner. It was held that a member who signs a contract for such a society is liable thereon, together with other members who authorize or ratify the contract; that such a society's rights may be litigated in the name of its members; and that one who deals with such an association and receives benefits thereby is estopped to deny the validity of the contract on the grounds that the association is not a legal entity. It was said that the names of the society may be considered as descriptive of or designating the persons whom it represents.

In the course of that opinion the decision in the case of Rading v. Anderson, 72 Iowa, 498, 34 N.W. 300, is discussed. In that case it was held that a contract executed in the name of an association, by a member, was binding on that member, and on other members who authorized or ratified same, as well as on the other contracting party. The doctrine is reiterated in Nissen v. International Brotherhood, (Iowa) 295 N.W. 858.

Plaintiffs contend that it was the intention of the parties that the lease run as to the club's trustees for the use of the membership of the club. Undoubtedly the lease was entered into for the benefit of the membership of the club because the club is not a legal entity. Its

members constituted the club, and those who signed did so for themselves and for other members. The contract was made between Smiley and the members who executed it, and it is binding on them and on all members who ratified or authorized the contract. Lamm v. Stoen, supra.

Defendants contend that there is no privity of contract between plaintiffs and them because the evidence shows that the lease was made at a time when Smiley, the lessor, did not own the property. While the lease *bore a date* prior to Smiley's acquisition of the legal title (although he, at that time, had a beneficial interest therein) it was not acknowledged until after he acquired legal title. Such a contract as this does not become binding until delivery; and delivery is presumed to be as of the date of acknowledgment, and not before. Gill on Missouri Titles, 3rd Ed., page 192. This presumption is rebuttable but there is no evidence here, except the date appearing in the lease, that tends to rebut the presumption. The testimony of Mrs. Withers, who signed the lease contract, tends to prove that she and her co-signers were then the club's trustees. There is no positive testimony as to when the contract was signed, but it was signed by Mr. Link who did not become a trustee until sometime after the organization of the club; and Mr. Mahan, whose name appears as the notary before whom the instrument was acknowledged, was the club's first president and a trustee, and was later succeeded by Mr. Link.

All witnesses were vague as to dates and none of the testimony clearly rebuts the presumption that the lease was signed and delivered on the date of acknowledgment. Counsel for defendants seem to have assumed that the instrument was signed and delivered as of the date appearing in the body of the lease; but that fact, alone, is not sufficient evidence to overcome the presumption that the instrument was executed and delivered as of the date of acknowledgment. It cannot be said that Smiley was a stranger to the record title when the lease was executed. Consequently what was said in Drzewiecki v. Stock-Daniel Hardware Company, 293 S.W. 441, l.c. 444, and in General Theatrical Enterprises v. Lyris et al., 131 S. W. 2d, 874, is not applicable to the facts here.

Defendants say that the clause of the lease providing for a renewal thereof is wholly invalid for lack of certainty and definiteness. In support of this proposition they cite 32 Am. Jur. 806, par. 958, State ex rel. Johnson v. Blair, 174 S. W. 2d, 851, l. c. 854. Crane v. Berman, 297 S.W. 423, l.c. 424, and Section 3354 R.S. Mo. 1929. Options for the renewal of leases or the purchase of real estate are usually strictly construed as against the person whose right it is to exercise the option. They will be held void for lack of certainty. Such is the purport of the above authorities.

However, a purchaser of real estate, with constructive notice of a lease affecting same, takes the property subject to the rights of the

lessees, including his optional right of renewal, if any. Gill on Missouri Titles, 3rd Ed., page 277; Medicus v. Altman, 199 Mo. App. 466, l.c. 467, 468. There is no difference between an option for extension of a lease, and one for renewal thereof. American Press Company v. St. Louis, 314 Mo. 288, l.c. 301. A general covenant to "renew" implies a renewal on the same terms and for the same length of time as the orginal lease, but it does not give a further right to renew, (just one renewal). The covenant for renewal in this case is sufficiently certain to be enforceable. 32 Am. Jur. 807; 51 A.L.R. page 597, and authorities there cited.

Defendants claim that the option for renewal must fail for lack of consideration, it being argued that One Dollar is so grossly inadequate as to amount to no consideration. The covenant to renew is part and parcel of the original lease and is supported by the original consideration for the lease. Haeffner v. A. P. Green Fire Brick Company, 76 S. W. 2d, 122, l. c. 126. The original consideration was the expected benefit to Smiley of having a community club house in the neighborhood of his home, and in furthering the sale of homesites in the addition, in which he was interested. This was the testimony. Plaintiffs built the club house and maintained it, at considerable expense, for many years. This point is also ruled adversely to defendants' contention.

Plaintiffs do not seek to exercise their option to purchase and it is unnecessary to discuss the matter.

It is urged that plaintiffs violated the covenants of the lease regarding maintenance, upkeep, and fire hazards and that thereby the lease became, and is, inoperative and void. The evidence does not justify such a conclusion.

Complaint is made regarding the subletting of the premises and it is claimed that such subletting has worked a forfeiture of the lease. Such claimed subletting occurred many years prior to the acquistion by defendants of any interest in the property and we will not hold that as grounds for ordering a forfeiture of the lease, after such lapse of time.

The judgment was for the right parties, properly arrived at, and should be affirmed. *Boyer, C.,* concurs.

PER CURIAM:—The foregoing opinion of SPERRY, C., is adopted as the opinion of the court. The judgment is affirmed. All concur.