PETESA CONGREGATIONAL CHRISTIAN CHURCH, and
REVEREND OTTO GALEA'I, Plaintiffs,
v.
FUIMAONO TU'INANAU, Defendant.

High Court of American Samoa
Land and Titles Division

LT No. 13-80

June 11, 1980

MURPHY, Associate Justice.

This cause came before us on a complaint for permanent injunction. A temporary restrainng order was issued to reduce the liklihood of physical confrontation. One month later the court modified the restraining order prohibiting all parties from further building or excavation of the land, title to which is issue in this case. On the date set for trial, agreed to submit the case to the Court on the pleadings and the testimony received at erlier hearings. Based on the pleadings, testimony of witnesses, and argument of counsel, the court makes the following findings of fact and conclusion of law:

## FINDINGS OF FACT

1. On February 7, 1978, Fuimaono Tu'inanau and Fa'alua Fuimaono

purportedly conveyed by "deed of conveyance" to "Petesa Congregational Christian Church in Samoa of Tafuna Village" (hereinafter Church) approximately .749 acres of land located in the Village of Tafuna, Island of Tutuila, Territory of American Samoa. This deed was signed by Fuimaono Tu'inanau and Fa'alua Fuimaono, as grantors, and by ten natural persons allegedly representing the Church, as grantees. At the time of the purported conveyance, Defendant was a member of the Church. The deed of conveyance was recorded with the office of the Territorial Registrar.

2. Sometime after February, 1978, a house was constructed on the land at issue and this house was used for Church meetings. Reverend O'Brien was named the pastor of the Church and apparently the church members' agreed with his actions as pastor. In 1978, Pastor O'Brien became sick and Reverend Otto Galea'i was selected to succeed Reverend O'Brien as pastor. A dispute arose between Pastor Galea'i and some members of the Church, Defendant being one of the members who disagreed with Pastor Galea'i.

3. In February, 1980, the dispute escalated, and at the direction of Defendant, dirt was offloaded on the land in such manner as to restrict access to the house described above. Shortly thereafter, the Court held hearings and issued a restraining order.

4. No evidence was submitted to show that the Church is incorporated in this Territory as a domestic profit corporation, an eleemosynary corporation, or a foreign corporation.

CONCLUSIONS OF LAW

1. "Petesa Congregational Christian Church in Samoa of Tafuna Village" was not a legal entity on February 7, 1978, and as such did not have the capacity to act as grantee of real property.

MEMORANDUM OPINION

It appears to us that the threshold issue in this case is: Can title to real property pass to a corporation which is not in existence at the time of the conveyance? Because we hold title cannot pass under such circumstances, we conclude that the purported deed of conveyance signed on February 7, 1978, is void, thereby conveying no title whatsoever.

There being no statutory or case law on this issue in this jurisdiction or in the Federal system, we turn to state statutes and case law to determine the law of other jurisdictions.

Courts throughout the United States have held that a valid deed of conveyance requires a grantee who is legally capable of accepting a deed at the time of conveyance. Any conveyance to one who is not capable of accepting title is void for want of a grantee capable of taking the estate conveyed. See generally 23 Am.Jur.2d section 47; 26 C.J.S. section 13. Specifically, it has been held in several jurisdictions that where a conveyance was made to a corporation which was not in existence at the time of the conveyance, title does not pass, and the deed is void. Allmon v. Gatschet (Mo.) 437 SW2d 70 (1969) is illustrative of these cases. This rule seems so well established that the court could find no jurisdictions contra to this position. Such a holding being in accord with the general common law and consistent with related statutory provisions in American Samoa,[1] we

---

1. 14 ASC is the general corporation law in American Samoa and details the steps required to create a corporation. 14 ASC 202 prohibits corporations from acquiring land without the approval of the Governor. 14 ASC 609 makes it unlawful for a foreign corporation to conduct business in

are persuaded by the rationale and adopt it as the rule on this issue in this Territory.

## ORDER

IT IS ORDERED that the Plaintiffs take nothing, that the action be dismissed on the merits, and that defendant recover of the Plaintiffs his costs of action.

---

American Samoa without complying with the provisions of 14 ASC 601 et seq. Additional procedures to be followed by corporations acquiring land are contained in 27 ASC 203. These statutes are but part of an elaborate statutory and constitutional system of laws designed to protect the communal land system here in American Samoa. That being the law, this Court will not allow groups of individuals to acquire land by circumventing this established system.