Hobert W. FISCHER, Appellant,

v.

Robert A. DAKOPOLOS, Respondent.

No. WD 31682.

Missouri Court of Appeals,
Western District.

March 2, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 30, 1981.

Application to Transfer Denied
May 11, 1981.

Jay Crotchett, Lee's Summit, for appellant.

Thomas J. Cox, Jr., Kansas City, for respondent.

Before KENNEDY, P. J., SHANGLER and SOMERVILLE, JJ.

KENNEDY, Presiding Judge.

On March 10, 1980, the trial court sustained defendant Dakopolos' motion to dismiss plaintiff's *pro se* petition for damages.[1] The dismissed petition undertook to state a claim for malpractice in the handling of a personal injuries claim against the Missouri Pacific Railway Company. The motion, in accordance with an earlier order, was treated as a motion for summary judgment, Rule 55.27(a) and Rule 74.04.

■ Plaintiff thereafter filed in the Jackson Circuit Court a paper designated "Appeal Request". Respondent says we do not have jurisdiction of the appeal because the "Appeal Request" does not specify "the court to which the appeal is taken", as required by Supreme Court Rule 81.08(a). *State v. Snider*, 536 S.W.2d 516 (Mo.App. 1976). Accompanying the purported notice

---

1. A prior appeal of the case, *Fischer v. Browne*, resulting in the dismissal of a co-defendant, is found at 586 S.W.2d 733. The background of the case is there more fully stated.

of appeal, on a form prescribed for the purpose, is a "Civil Case Information Form" which does include the name of this court. We may construe the two documents together and we conclude that the latter supplies the deficiency of the former. We have jurisdiction. *See Weller v. Hayes Truck Lines*, 355 Mo. 695, 197 S.W.2d 657 (Mo. banc 1946); *Stubblefield v. Seals*, 485 S.W.2d 126, 129 (Mo.App.1972); *Krall v. Light*, 240 Mo.App. 480, 210 S.W.2d 739, 743 (Mo.App.1948).

We conclude the court correctly gave judgment against the plaintiff and for the defendant.

█ The petition, when given all favorable inferences and reasonable intendments, and when broadly and liberally construed, *J. Louis Crum Corp. v. Alfred Lindgren, Inc.*, 564 S.W.2d 544 (Mo.App.1978); *Wallis v. St. Louis County*, 563 S.W.2d 93, 95 (Mo. App.1978); *Euge v. Golden*, 551 S.W.2d 928, 931 (Mo.App.1977), still fails to state a claim upon which relief can be granted. There is no allegation of any basis for a meritorious claim for damages against the railroad company, nor is there any allegation of what the defendant did or omitted which caused plaintiff's damage.[2]

No request was made to the trial court for leave to amend the petition, nor were facts suggested to the trial court or to this court which, if added to the petition by amendment, would have stated a claim entitling the plaintiff to relief.

The judgment is affirmed.

All concur.

2. See, for the essential elements of a legal malpractice claim, *Togstad v. Vesely, Otto, Miller & Keefe*, 291 N.W.2d 686, 692[1] (Minn.1980); 7A C.J.S., Attorney and Client, § 269 (1980).