**David R. ALLEN and Veronica A. Allen, Appellants,**

v.

**SCOTT, HEWITT AND MIZE, L.L.C., Respondent,**

and

**Chuck R. Zuvers, Defendant.**

**No. WD 64939.**

Missouri Court of Appeals, Western District.

Jan. 17, 2006.

Application for Transfer to Supreme Court Denied Feb. 28, 2006.

Application for Transfer Denied April 11, 2006.

Theodore D. Barnes, Independence, for Appellant.

John W. Gannan II, Blue Springs, for Respondent.

PAUL M. SPINDEN, Presiding Judge.

David and Veronica Allen sold land to Thomas C. Scott, who was in the process of forming a limited liability company, Scott, Hewitt and Mize. At closing, the Allens deeded the property to Scott, Hewitt and Mize but, after learning that the firm had listed the property for sale for more than 10 times the $90,000 price, the Allens sued to rescind the contract. The Allens' primary theory for rescinding the contract was mistake. The circuit court issued summary judgment for Scott, Hewitt and Mize, and we affirm.

The Allens bought the land in Independence during 1994 for $22,000. In January 1998, they listed it for sale with a broker, Chuck Zuvers, asking $88,000. The property remained on the market until May 1999, when Thomas Scott contracted to buy it for $90,000. Scott signed the sales contract as "Thomas C. Scott, or assigns" because he was organizing Scott, Hewitt and Mize as a limited liability company and wanted the land deeded to the firm. Scott and his partners planned to list it for sale at a high price, knowing that the price might delay a sale for several years.

At closing, the Allens deeded the property to "Scott, Hewitt & Mize, LLC," at Scott's instruction. Although Scott and his partners had filed articles of organization for Scott, Hewitt and Mize with the Secretary of State before closing, the Secretary of State rejected the articles because of errors contained in them. Scott corrected the errors, and the Secretary of State issued a certificate of organization to Scott, Hewitt and Mize nine days after closing. Scott, Hewitt and Mize immediately listed the property for sale for more than $1 million.

Approximately 20 days after closing, the Allens, seeing the Scott, Hewitt and Mize listing, tendered a $99,900 check to Scott and asked him to rescind the sale. Scott refused. Three days later, the Allens sued Scott, Hewitt and Mize and Zuvers. Scott, Hewitt and Mize moved for summary judgment, attaching as exhibits various real estate documents, two competing appraisals, and the deposition testimony of

Scott and David Allen. The circuit court entered judgment for Scott, Hewitt and Mize.[1]

We consider first the Allens' argument on appeal that the sale and conveyance should be rescinded because Scott, Hewitt and Mize did not exist until nine days after closing. Even assuming all facts in favor of the Allens, it is wholly irrelevant that Scott, Hewitt and Mize was not organized at the time that the Allens contracted with Scott. The Allens contract was with Scott. It is of no consequence to the Allens that Scott assigned his interest to an entity that, because of a defect in its organizational paperwork, had not finished the organizational process. The formation issues of Scott, Hewitt and Mize are irrelevant to the Allens' contract with Scott.

Even if this were not the case, Scott, Hewitt and Mize was capable of receiving a valid conveyance despite its not having complete the organizational process. Generally, to be valid, a conveyance requires a grantee in *esse* capable of taking and holding title to property when the conveyance occurs. *Allmon v. Gatschet,* 437 S.W.2d 70, 74 (Mo.1969). However, "equitable rights may result in favor of a subsequently formed corporation named as a grantee." *Id.* (citing *White Oak Grove Benevolent Society v. Murray,* 145 Mo. 622, 47 S.W. 501 (1898)). The Allens cannot challenge the transfer on the basis that Scott, Hewitt and Mize was not yet a *de jure* entity.

The Allens further challenge the circuit court's authority even to consider Scott, Hewitt and Mize's motion for summary judgment. They contend that the circuit court erred in considering the motion because it was not in the form required by Rule 74.04. The Allens complain that the motion was "an unwieldy mess of a pleading" that was "some hybrid combination of motion, 'suggestions,' 26 statements of alleged 'uncontroverted facts' and purported exhibits." They object to the motion's "Arguments and Authorities," which, the Allens claim, improperly included "stealth facts" that were not contained in the statement of uncontroverted facts. The Allens assert this example of "stealth facts:"

> Plaintiff, David Allen, initially acknowledged that his valuation in this regard was based solely upon the fact that Defendant Scott relisted the Subject Property with Defendant Zuvers shortly after the closing of the underlying real estate transaction for a listing price in excess of One Million Dollars. *See,* Exhibit 1, *Deposition of David Allen,* Page 103.

The Allens are correct that Scott, Hewitt and Mize did not include the fact in its statement of uncontroverted facts, but the fact to which the Allens point was not material. Rule 74.04(c)(1) requires a "statement of uncontroverted *material* facts." Presumably, a statement of uncontroverted material facts will not include an immaterial fact. Moreover, we do not discern that the circuit court relied on this fact or any of the other so-called stealth facts. Even more importantly, we do not see anything in Rule 74.04 that restricts a party's moving for summary judgment to mentioning only facts set out in its state-

**1.** The circuit court entered judgment for Scott, Hewitt and Mize pursuant to Rule 74.01(b), which says, "When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may enter a judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay."

ment of uncontroverted material facts. The Allens cite no authority that holds otherwise, and we found none. We find no indication that the circuit court deemed the Allens to have admitted facts that were not included in the motion's statement of uncontroverted material facts. The circuit court did not deem the Allens to have admitted "stealth facts" peppered throughout the motion. Instead, the Allens failure to deny any of the alleged uncontroverted material facts provided the basis for the circuit court's summary judgment.

The Allens also complain that the circuit court deemed them to have admitted the facts set out in the motion for summary judgment as uncontroverted facts because the Allens did not reply to the purported uncontroverted facts. The circuit court acted pursuant to Rule 74.04(c), which says:

(1) *Motions for Summary Judgment.* A motion for summary judgment shall summarily state the legal basis for the motion.

A statement of uncontroverted material facts shall be attached to the motion. The statement shall state with particularity in separately numbered paragraphs each material fact as to which movant claims there is no genuine issue, with specific references to the pleadings, discovery, exhibits or affidavits that demonstrate the lack of a genuine issue as to such facts.

Attached to the statement shall be a copy of all discovery, exhibits or affidavits on which the motion relies.

Movant shall file a separate legal memorandum explaining why summary judgment should be granted.

(2) *Responses to Motions for Summary Judgment.* Within 30 days after a motion for summary judgment is served, the adverse party shall serve a response on all parties. The response shall admit or deny each of movant's factual statements in numbered paragraphs that respond to movant's numbered paragraphs.

. . . .

A response that does not comply with this Rule 74.04(c)(2) with respect to any numbered paragraph in movant's statement is an admission of the truth of that numbered paragraph.

The Allens argue that, although Rule 74.04(c) mandated that they reply to Scott, Hewitt and Mize's 26 paragraphs of facts, they should be relieved of this obligation because Scott, Hewitt and Mize's motion violated Rule 74.04(c)(1) and because those facts were not supported by competent evidence. They argue that, because the exhibits attached to the motion were not under oath, in an affidavit, or otherwise sworn to or certified, the circuit court erred in deeming the facts admitted. The Allens point primarily to the depositions on which Scott, Hewitt and Mize relied and note that they were neither signed nor certified.

■ Assuming *arguendo* that the Allens are correct, Scott, Hewitt and Mize was still entitled to judgment as a matter of law. We can affirm summary judgment on any ground supported by the summary judgment record. *In re Estate of Blodgett,* 95 S.W.3d 79, 81 (Mo. banc 2003). Even were we to set aside the exhibits attached to Scott, Hewitt and Mize's motion for summary judgment and to deem all of the facts pleaded by the Allens in their petition to be true, the Allens could not establish a basis in law for rescinding their contract with Scott, Hewitt and Mize.

■ The Allens' petition contended that they should be permitted to void the contract because of their mistake as to the property's value. Value is a matter of opinion—not fact—resting in conjecture.

*Thies v. St. Louis County,* 402 S.W.2d 376, 382 (Mo.1966). To be a basis for rescinding a contract, a mistake must "relate to the existence or non-existence of a fact, past or present, material to the contract, and not as to a future contingency. The mistake must be as to a matter of fact, not as to a matter resting in mere conjecture or belief." *Jennings v. Metropolitan Life Insurance Company,* 166 S.W.2d 339, 344 (Mo.App.1942).

Property values depend on multiple variables, and a property's value can increase or decrease following sale. The Allens and Scott, Hewitt and Mize agreed on a price that reflected the property's value at the time of contracting. Allowing the Allens to rescind creates a rule whereby sellers could argue mistake after deciding that he or she did not receive a fair deal.

The Allens were not unaware of a fact affecting value. They understood exactly what they were selling. They understood all of the pertinent details surrounding the sale. Their purported mistake was their opinion of what the land was worth. After Scott, Hewitt and Mize bought it from them and listed it for sale at more than $1 million, the Allens simply became dissatisfied with the bargained-for exchange, a risk inherent in any sale.

The Allens did not suffer from a mistake of fact. The circuit court did not err in entering judgment for Scott, Hewitt and Mize.

VICTOR C. HOWARD and RONALD R. HOLLIGER, Judges, concur.