**Diane Kathleen GEARY (now Becker), Respondent,**

v.

**Michael Anthony GEARY, Appellant.**

**No. 48896.**

Missouri Court of Appeals,
Eastern District,
Division Six.

Sept. 3, 1985.

David S. Fischer, St. Louis, for appellant.

Paul L. Dobberstein, St. Louis, for respondent.

REINHARD, Judge.

Father appeals from an order denying his motion to modify a dissolution decree and requiring him to pay part of mother's attorney's fees. We reverse and remand.

The parties' marriage was dissolved in 1978. The mother received primary custody of the two children, a girl age eight and a boy age nine. Father was denied both temporary custody and visitation rights.

On April 23, 1983, father filed a motion to modify the dissolution decree, asking for visitation rights and eventual temporary custody. A hearing was held on June 7, 1984. The transcript is largely composed of conversations between the court and counsel involving efforts to resolve the dispute. The trial judge later interviewed the children in his chambers, off the record, with the consent of counsel for both parties.

The only evidence on record was a home study report by Massachusetts about father. When father's counsel offered this report in evidence mother's counsel stated:

> I'm willing to stipulate to all the facts that she stated in there concerning Michael A. Geary as to his character, his being an honest, sincere, and loving person, being a good stepfather to his stepchildren, being a good husband to his wife, and that he's a normal everyday decent human being.

The report reveals that father married his present wife in 1982. They live in Massachusetts and lease a large home in an upper middle class neighborhood. He is a long time employee of Mutual of Omaha, and presently serves as a sales manager for that company. The report also indicates that father has neither seen nor been allowed to communicate with his children since the dissolution of his marriage to mother.

The record shows that mother's counsel made an oral motion for an award of attorney's fees in the amount of $1,575. Counsel charged $75.00 per hour for 21 hours, which included the hearing on the motion. Both parties agreed that mother works as a sales representative.

The court denied father's request for visitation rights, stating:

> Court interviews the two concerned minor children in chambers and also the two natural parents. The court finds that it would be overly traumatic and not in the best interests of the minor children at present to have contact in person or visitation with Respondent, father who the court finds to be a person of good character.

In addition, the court ordered father to pay $800 of mother's attorney's fees. On appeal, father challenges the order denying him visitation rights and the allowance of attorney's fees.

Courts should encourage the continued love, interest, and affection of divorced parents for their children, and where both parties are proper parents each has a right to reasonable access to the children. *Cissell v. Cissell*, 573 S.W.2d 722, 724 (Mo.App.1978). Missouri statutes lend support to this concept. Section 452.-400, RSMo. Supp. 1984 provides:

> 1. A parent not granted custody of the child is entitled to reasonable visitation rights unless the court finds, after a hearing, that visitation would endanger the child's physical health or impair his emotional development.
>
> 2. The court may modify an order granting or denying visitation rights

whenever modification would serve the best interests of the child, but the court shall not restrict a parent's visitation rights unless it finds that the visitation would endanger the child's physical health or impair his emotional development.

Here, the court denied the father visitation rights because the court found that visitation would be too traumatic and not in the children's best interest. Not one scintilla of evidence in the record supports this finding. If there was evidence to that effect, it must have been contained in the court's unrecorded interviews with the children and parents. The lack of a record of the interview of the children alone requires us to reverse and remand the judgment as to visitation rights. *Williams v. Cole*, 590 S.W.2d 908 (Mo. banc 1979). Recording in chamber interviews of minor children is mandatory, § 452.385, RSMo. 1978, and the failure to make such a record constitutes prejudicial error. *Id.* at 910.

We must also reverse and remand on the issue of attorney's fees. Awards of attorney's fees are left to the broad discretion of the trial court and will not be overruled except for abuse of discretion. *Bray v. Bray*, 629 S.W.2d 658, 660 (Mo.App. 1982). Courts are themselves experts on attorney's fees, and, if an award of fees is permitted, the judge who tried the case can set a reasonable fee without the aid of evidence. *Gambino v. Gambino*, 636 S.W.2d 81 (Mo.App.1982). However, when setting attorney's fees the trial judge must comply with § 452.355, RSMo.1978. That statute provides:

> The court from time to time after considering all relevant factors including the financial resources of both parties may order a party to pay a reasonable amount for ... attorney's fees. ...

Our Supreme Court examined § 452.355 in *Kieffer v. Kieffer*, 590 S.W.2d 915 (Mo. banc 1979), and concluded that it does not require a showing that one spouse is unable to pay the cost of litigation before attorney's fees can be awarded. However, the court must consider the financial re-

sources of the parties and all other relevant factors. *Id.* 918–19.

 In most cases where the award of attorney's fees is an issue on appeal, the finances of the parties are before the court, either for purposes of distributing marital property or awarding maintenance or child support. Such matters were not at issue here, and the court knew only that father was a sales manager for an insurance company and leased a home in an upper middle class neighborhood, and that mother worked as a sales representative. This evidence as to the parties' financial resources was insufficient to support the award of attorney's fees.

Reversed and remanded.

CRIST, P.J., and KAROHL, J., concur.