**FOLLMAN PROPERTIES COMPANY,
Plaintiff/Respondent,**

v.

**JOHN HENRY FOSTER COMPANY
OF ST. LOUIS, INC., et al.,
Defendants/Appellants.**

No. 64032.

Missouri Court of Appeals,
Eastern District,
Division Four.

Jan. 25, 1994.

Motion for Rehearing and/or Transfer to
Supreme Court Denied March 9, 1994.

Application to Transfer Denied
April 26, 1994.

**500**

Peter T. Sadowski, Henry F. Luepke, St. Louis, for defendants-appellants.

Darold E. Crotzer, Jr., Clayton, for plaintiff-respondent.

GRIMM, Presiding Judge.

Plaintiff brought suit against defendant[1] for the balance of its commission due under an exclusive agency agreement between them. Defendant counterclaimed for breach of contract, fraud, slander of title, and breach of fiduciary duty.

On cross motions for summary judgment, the trial court granted plaintiff judgment on: (1) plaintiff's petition for commission due, and (2) the breach of contract count of defendant's counterclaim. The trial court designated its rulings as a final judgment and determined that there was no just reason for delay. Defendant appeals; we affirm.

Defendant raises three points on appeal. It alleges the trial court erred in: (1) finding the agreement was not ambiguous as to who was to pay plaintiff's fee, (2) failing to find that the sale contract modified the agency agreement, and (3) failing to find that plaintiff was estopped from claiming an additional fee.

## I. Background

We review the record in the light most favorable to defendant, according it the benefit of all reasonable inferences from the record. It discloses the following. Defendant hired plaintiff as its agent in an attempt to locate a property for its business. On February 22, 1990, plaintiff sent a letter to defendant stating the terms of the agency. The letter provided, in part:

> In the event we are successful in assisting you to acquire land and existing improvements, our fee will be six percent (6%) of the gross sales price; if land only, our fee will be ten percent (10%) of the gross sales price; ....

Defendant inserted an asterisk next to this paragraph and at the bottom of the page. Next to the asterisk at the bottom, he inserted and initialed the statement, "It is my

---

1. Plaintiff sued John Henry Foster Company of St. Louis, Inc. and its president Robert A. Gau; we refer to them collectively as defendant. The counterclaim was brought by John Henry Foster Company of St. Louis, Inc., Robert A. Gau, and Kathleen A. Gau; we refer to them collectively as defendant.

understanding that in most cases the seller pays this fee." On June 5, 1990, defendant signed the brokerage letter and returned it to plaintiff.

In May 1991, plaintiff prepared and submitted a sale contract to defendant for certain improved property. This property was listed with another broker, the property seller's agent. Defendant and seller signed the sale contract about May 3, 1991. The sale contract provided that seller pay a six percent brokerage fee on the total sale price. This amount was to be divided between the two brokers; 55% to the seller's listing agent, and 45% to plaintiff. Pursuant to the sale contract, seller paid a total commission of $115,200. Of this amount, seller paid $63,-360 to its listing agent and $51,840 to plaintiff.

Plaintiff claims defendant owes the balance of its commission under the exclusive agency agreement. It claims $63,360 based upon 6% of the total sale price of $1,920,000 ($115,200) less $51,840 paid by the seller under the sale contract.

## II. Ambiguity of Contract

■ In its first point, defendant alleges the trial court erred in finding that the exclusive agency agreement was not ambiguous as to who was to pay plaintiff's fee. It contends the trial court did not properly consider president's handwritten insertion. Further, it contends the exclusive agency agreement did not expressly state who was to pay plaintiff's fee.

The exclusive agency agreement was the only written agreement between the parties. It provided that in the event plaintiff was successful in assisting defendant in acquiring property, "our fee will be six percent . . . , [and] our fee shall be a lien on the property for which we acted as your agent."

The arrangement for payment of the commission is expressed in passive terms. A similar situation arose in *Douros Realty & Construction Co. v. Kelley Properties, Inc.,* 799 S.W.2d 179 (Mo.App.E.D.1990). There, we rejected the argument that the agreement did not specify who was to pay the commission. We pointed out that there were only two parties to the agreement. Similarly, there are only two parties to the agreement here. Defendant obligated itself to pay plaintiff's fee under this agreement.

■ The clause, "It is my understanding that in most cases the seller pays this fee," does not nullify the obligation defendant assumed to pay plaintiff when it signed the exclusive agency agreement. Nor does that clause make the agreement ambiguous. Whether a contract is ambiguous is a question of law. *Young Dental Mfg. Co. v. Engineered Products, Inc.,* 838 S.W.2d 154, 155 (Mo.App.E.D.1992). Further, "A contract is ambiguous only if its terms are susceptible of more than one meaning so that reasonable [people] may fairly and honestly differ in their construction of the terms." *Union Center Redev. Corp. v. Leslie,* 733 S.W.2d 6, 9 (Mo.App.E.D.1987).

Here, the exclusive agency agreement is not ambiguous. Defendant clearly agreed to pay plaintiff a six percent fee for its services. The fact that defendant understood that "in most cases the seller pays this fee" does not diminish defendant's sole obligation to pay plaintiff.

If the parties had intended that defendant would not pay plaintiff's fee: (1) the agreement would have so stated, or (2) the agreement could have provided that plaintiff must look to seller or someone else for its fee. However, the agreement did neither. The handwritten notation did not limit or modify defendant's obligation to pay plaintiff's fee. *See J.E. Hathman, Inc. v. Sigma Alpha Epsilon Club,* 491 S.W.2d 261, 266 (Mo.banc 1973).

Defendant principally relies on *Laiben v. Department of Revenue,* 572 S.W.2d 173 (Mo. banc 1978) and *N.B. Harty General Contractors, Inc. v. West Plains Bridge & Grading Co., Inc.,* 598 S.W.2d 194 (Mo.App.S.D.1980) in support of its argument that the exclusive agency agreement is ambiguous. They are readily distinguishable.

*Laiben* involves the interpretations of a real estate lease. The question was whether the lease provided for an initial term of six or eighteen months. Paragraph three stated the initial term was "for a period of <u>6</u>

months, beginning Jan. 1st 1973 and ending June 30, 1973." However, paragraph four stated the premises were demised "for the yearly term beginning July 1st, 1973 and ending June 30th, 1974." *Laiben,* 572 S.W.2d at 174.

In *Laiben,* the lease terms were obviously in direct conflict. However, this is not the case here. By signing the exclusive agency agreement, defendant clearly obligated itself to pay the six percent fee. The handwritten notation does not diminish defendant's obligation.

In *Harty,* an excavation contract was examined. There, on the face of the contract, was an ambiguity. The printed contract set forth a price for "Class C Excavation." Next to "Class C Excavation," defendant's president inserted in his handwriting: "(Drilling)." The contract between the parties made no other reference to "Class C Excavation."

The contract in *Harty* was uncertain as to how payment was to be determined. Evidence of the circumstances surrounding the agreement was admitted to give meaning to the terms Class C Excavation and drilling. Here, no such evidence is necessary because the exclusive agency agreement placed the duty to pay plaintiff's fee on defendant. Point denied.

### III. Modification of Agreement

■ For its second point, defendant alleges the trial court erred in failing to find that the terms of the sale contract did not modify the exclusive agency agreement. Defendant contends the sale contract "evidences a modification" of the agreement to the effect that seller, not defendant, shall pay plaintiff's entire fee.

In support of this contention, defendant points to two paragraphs in the sale contract. The first paragraph says:

I/We, Sellers, agree to pay 6% commission on the total sale price to Nooney Krombach 55%/Follman Properties 45% as selling broker and any balance to the listing broker per the listing agreement with such listing broker. All commission to be a lien on above property.

The other paragraph says:

Except for arrangements with Nooney–Krombach Company on behalf of Seller and Follman Properties Company on behalf of Purchaser, the parties hereto represent and warrant to each other that they have not engaged the services of any other real estate broker, agent or salesperson; and that to their knowledge, other than as set forth herein, no person or entity will receive, or is entitled to receive, any brokerage commission or finder's fee or any other fee or commission as a result of this Contract. Nothing contained herein shall give any other party any claim or cause of action against the Property, or shall create a lien upon the Property or any part thereof, for any fee or commission. Seller and Purchaser shall each indemnify the other against, and shall hold each other harmless from any and all suits, claims, demands, judgements, damages, costs or expenses of or for any fees or commissions which are the responsibility of the indemnifying party, and shall pay all costs of defending any action or lawsuit brought to recover any fees or commissions incurred by the other, including reasonable attorneys' fees. The aforesaid indemnity shall survive and shall be enforceable after closing.

Defendant's contention misses the mark. The sale contract was between seller and defendant; plaintiff was not a party to that contract. These two paragraphs establish rights and obligations between seller and defendant, not between defendant and plaintiff.

Further, by its express terms, the second paragraph excludes agreements between plaintiff and defendant. The paragraph begins, *"Except for arrangements* with Nooney–Krombach Company on behalf of Seller and Follman Properties Company on behalf of Purchaser." (emphasis added). There is no language in the sale contract that purports to limit plaintiff's fee to the amount paid by seller.

Nevertheless, defendant contends that the sale contract modified the exclusive agency agreement. It argues that the modification

here is "remarkably similar" to that in *Perkinson v. Burford,* 623 S.W.2d 30 (Mo.App. E.D.1981).

In *Perkinson,* the listing contract provided that the real estate agent was to receive a 6% commission if it produced a "willing and able purchaser." *Id.* at 34. The agent did produce such a purchaser; however, the purchaser backed out and did not close the sale. The agent sought its commission. The trial court found that the listing agreement had been modified by language in the sale contract.

The *Perkinson* opinion does not set forth the sale contract. However, the *Perkinson* contract was introduced as an exhibit before the trial court here. It reflects that the agent signed as a party and also as a witness to the contract. The *Perkinson* court found that the agent "effectively limited its fee" by executing the contract with the other parties. *Id.* at 35.

Here, plaintiff did not execute the sale contract as a party. Plaintiff's officer's signature appears only on a line designated as "Witness." Point denied.

### IV. Estoppel

For its final point, defendant alleges the trial court erred in not finding that plaintiff was estopped from claiming an additional fee from defendant. It argues that by preparing and signing the sale contract, plaintiff is estopped from denying that seller paid its entire fee.

As noted in the previous section, plaintiff's signature appears only as a witness on the sale contract, not as a party. We again note that the sale contract was between seller and defendant. Plaintiff was not a party to it. Point denied.

The trial court's judgment is affirmed.

CARL R. GAERTNER, and AHRENS, JJ., concur.