**NORTHWEST PLAZA, L.L.C., Plaintiff/Respondent,**

v.

**MICHAEL–GLEN, INC., Defendant,**

and

**Byron Stevens Enterprises, Inc., Defendant/Appellant.**

No. ED 81026.

Missouri Court of Appeals, Eastern District, Division One.

March 25, 2003.

---

1. All statutory references are to RSMo 2000 unless otherwise stated.

Gillespie, Hetlage & Coughline, L.L.C., Lawrence G. Gillespie, Clayton, MO, for appellant.

Copeland Thompson Farris, Stephen C. Hiotis, Clyde C. Farris, Clayton, MO, for respondent.

MARY K. HOFF, Judge.

Byron Stevens Enterprises, Inc. (BSE) appeals the judgment the trial court entered in favor of Northwest Plaza, L.L.C.

(Northwest Plaza) after granting Northwest Plaza's motion for summary judgment in this action arising out of a lease and guaranty. We affirm the judgment but remand to the trial court with directions to determine a reasonable award of attorney's fees for this appeal.

In its only point, BSE urges the trial court erred and misapplied the law in entering summary judgment in favor of Northwest Plaza because there was a genuine dispute of fact based on the evidence that, at the time of BSE's December 1996 assignment of the lease, Northwest Plaza received a personal guaranty and the assignee had a greater net worth than BSE, which absolved BSE of liability under the lease according to the lease's assignment provision.

We review the grant of summary judgment *de novo*. *ITT Commercial Fin. Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). We view the record in the light most favorable to the party against whom judgment was entered, and take facts set forth in affidavits and otherwise in support of the motion as true unless they are contradicted by the non-moving party's response. *Id.* Whether or not summary judgment was proper is a question of law, and we need not defer to the trial court's decision granting summary judgment. *Id.* We do, however, consider the same information the trial court considered in rendering its decision. *Earth City Crescent Associates, L.P. v. LAGF Associates–Mo, L.L.C.*, 60 S.W.3d 44, 46 (Mo.App. E.D. 2001).

For entry of summary judgment in its favor, the movant has the burden of proving that it is entitled to judgment as a matter of law and that no genuine issues of material fact exist. *ITT Commercial Fin. Corp.*, 854 S.W.2d at 381. When the movant is the plaintiff, such as in this case, the movant must establish that there is no genuine dispute as to those material facts upon which it has the burden of persuasion at trial. *Id.* Additionally, a plaintiff seeking summary judgment in the face of a defendant's affirmative defense must establish that the affirmative defense fails as a matter of law. *Id.* The plaintiff seeking summary judgment may defeat an affirmative defense by establishing that any one of the facts necessary to support the defense is absent. *Id.*

The undisputed record discloses the following: In April 1993, BSE and the predecessor in interest to Northwest Plaza entered into a lease (Lease) allowing BSE to operate a restaurant at a shopping mall until the end of December 2003. In relevant part, the Lease provided:

Notwithstanding anything contained herein to the contrary, [BSE] shall have the right to freely assign this Lease or sublet the Premises, without charge and without [Northwest Plaza]'s consent being required, to duly authorized franchisees of Quizno's Franchise Corporation ("Franchisor"), provided, however, that [BSE] shall remain fully liable for the terms, covenants and conditions of this Lease unless the entity to which [BSE] assigns is of equal or greater net worth than [BSE] at the time of the assignment, and further provided that a personal guaranty is given to [Northwest Plaza] in a form substantially similar to the form signed by Steve Shaffer in connection with this Lease for the greater of (a) the time remaining on the Guaranty given by Steve Shaffer (at which time Steve Shaffer's Guaranty will be released[ ]) or (b) two (2) years from the date of the assignment. Nothwithstanding the foregoing, if the entity to which [BSE] assigns has a net worth of in excess of $500,000 and agrees to maintain such a net worth, no personal

guaranty will be required by [Northwest Plaza].

Steven B. Shaffer and Susan Shaffer executed a guaranty applying "to all obligations which accrue through the third (3rd) Lease year."

By a letter, dated July 27, 1994, the parties to the Lease agreed, in part: that the restaurant would be relocated within the shopping mall by September 1, 1994; that BSE would make improvements at the new location, subject to a specified cost reimbursement by Northwest Plaza; that the rent would abate "during the period of construction and relocation, provided such abatement shall not extend beyond September 1, 1994"; and to amend the Lease in specified respects, including an increase in the amount of rent, upon the opening of restaurant at the new location. This letter agreement expressly stated that "[a]ll other terms and conditions of the Lease remain the same and in full force and effect." Steven B. Shaffer and Susan Shaffer signed this letter agreement and guaranteed the financial obligations incurred for the improvement work required under the letter agreement.

In December 1996, the parties to the Lease entered into another letter agreement providing for the assignment of BSE's "obligations under the Lease" to Michael–Glen, Inc.[1] In relevant part, this letter agreement stated that

> [Northwest Plaza] hereby consents to the assignment of the Lease, effective December 31, 1996, from [BSE] to Michael–Glen[, Inc.] ... subject to the following terms and conditions ...:
>
> 1. [Michael–Glen, Inc.] assumes all of [BSE]'s obligations under the Lease;
>
> 2. [BSE] shall continue to remain fully liable for all of its obligations under the Lease and Steven B. Shaffer and Susan Shaffer shall also continue to remain fully liable for all of their obligations under the Lease pursuant to letter agreement dated July 27, 1994;
>
> 3. The undersigned ... Brian Looper[ ] hereby agree[s] to guarantee all of [BSE]'s obligations under the Lease in accordance with the Guaranty attached hereto.
>
> 4. All parties hereto agree that the Lease shall be amended as follows:
>
>    a. The Lease Term shall be extended from January 1, 2004 through December 31, 2006 (Extension Term);
>
>    * * *
>
>    c. By no later than March 31, 1999, [BSE] shall, at its sole expense, complete a remodeling of the entire Leased Premises, including the storefront and signs.... There shall be no abatement of any Minimum Rent or additional rent during the remodeling ...
>
> 5. All other terms and conditions of the Lease shall remain the same and in full force and effect.

An unsigned guaranty of Brian Looper, who was president of Michael–Glen, Inc., was provided at the same time. It is not disputed that Michael–Glen, Inc., took possession of the leased premises.

On May 1, 2001, Northwest Plaza filed this lawsuit against Michael–Glen, Inc. and BSE upon their failure to pay approximately $22,000 in rent and other charges that came due in 2001 under the terms of

---

1. Michael–Glen, Inc. entered into an amended consent judgment and is not participating in this appeal. As part of that amended consent judgment, Michael–Glen, Inc. agreed to vacate the premises as of July 17, 2001.

the Lease. Based on these breaches of the Lease, Northwest Plaza sought restitution of the premises, rental charges due through the date of judgment, interest on the amount due, late rent charges, and reasonable attorney's fees and costs. BSE denied liability and set forth the following affirmative defenses:[2] Northwest Plaza failed to state a cause of action upon which relief may be granted; the cause of action is "barred by latches"; and, in compliance with the assignment provision of the Lease, the Lease was assigned to an entity having a greater net worth than BSE and included a more than two year guaranty in substantially the same form as the original Shaffer guaranty.

Northwest Plaza subsequently moved for summary judgment seeking entry of judgment in its favor for the amounts due under the Lease as of June 2001 and through the date of judgment. Specifically, Northwest Plaza argued that: Michael–Glen, Inc. was in possession of the leased premises; the Lease contained provisions requiring the payment of rent and other charges; BSE and Michael–Glen, Inc. had not made payments required by the Lease since March 16, 2001; Northwest Plaza sent BSE and Michael–Glen, Inc. notices of the overdue amounts; Northwest Plaza had incurred attorney's fees and costs; the allegations of the petition do set forth a cause of action for the amounts due; as a matter of law, "latches" does not bar the cause of action; and at the time of the December 1996 assignment, BSE agreed to remain liable for its obligations under the Lease and there was no executed guaranty from Brian Looper. In support of its motion, Northwest Plaza provided the affidavits of the General Manager of the shopping mall where the leased premises were located and of an attorney in the law firm representing Northwest Plaza. In opposing the motion, BSE submitted an affidavit by Steven Shaffer.

The trial court, without setting forth its reasoning, granted the motion for summary judgment upon finding no genuine issue of material fact and that Northwest Plaza was entitled to judgment as a matter of law. The trial court awarded Northwest Plaza the total amount of $32,290.41, consisting of $28,596.00 for rent due through June 2001, $1,034.40 for prejudgment interest through June 2001, $1,391.01 in late charges, and $1,269.00 in attorney's fees and costs through June 14, 2001. This appeal followed.

BSE's sole point challenges the trial court's judgment based on BSE's position it fully complied with the 1993 Lease's assignment provision when it assigned the lease to Michael–Glen, Inc., in December 1996. We are not persuaded by this contention. The record reveals that only an unexecuted guaranty was provided at the time of the December 1996 assignment.

Moreover, the record does not contain an evidentiary basis to establish a genuine dispute of material fact regarding Michael–Glen Inc.'s actual net worth at the time of the December 1996 assignment. The only evidentiary material regarding that net worth is an averment in Shaffer's affidavit stating: "I am familiar with the requirements of the Quizno's Corporation with respect to approving a new franchisee, and I am aware that Michael–Glen, Inc. was required to inject over $30,000.00 in equity into their company for approval

---

**2.** In a second amended answer, filed after Northwest Plaza filed its summary judgment motion, BSE set forth an additional affirmative defense. Neither the trial court's docket sheet nor any other document available in the record before us indicates the trial court granted BSE leave to file its second amended answer. *See* Rule 55.33. Therefore, we do not consider that answer and affirmative defense.

as a franchisee." In itself, this averment is not sufficient to establish Michael–Glen, Inc.'s net worth.

By its own terms, moreover, the December 1996 letter agreement continues BSE's liability for rent owed in 2001 based on the paragraph stating:

2. [BSE] shall continue to remain fully liable for all of its obligations under the Lease and Steven B. Shaffer and Susan Shaffer shall also continue to remain fully liable for all of their obligations under the Lease pursuant to letter agreement dated July 27, 1994.

BSE argues this language does not make it liable for the 2001 nonpayment of rent and other charges because the end of that paragraph, "pursuant to letter agreement dated July 27, 1994," modifies the introductory language and limits BSE's liability to obligations under the July 1994 letter agreement. Northwest Plaza argues that the introductory language of that paragraph does continue BSE's liability for charges unpaid by Michael–Glen, Inc., including the unpaid amounts in 2001.

■ Where construction of a contract is at issue and the contract is unambiguous on its face, summary judgment is appropriate. *Lupo v. Shelter Mut. Ins. Co.*, 70 S.W.3d 16, 18 (Mo.App. E.D.2002). Summary judgment is inappropriate in an action arising out of a contract, however, where the disputed contract language is ambiguous and parol evidence is required to interpret the contract and the parties' intent. *Missouri Consol. Health Care Plan v. BlueCross BlueShield of Missouri*, 985 S.W.2d 903, 908 (Mo.App. W.D.1999); *Signature Pool & Court, a Div. of Classic Pools, Inc. v. City of Manchester*, 743 S.W.2d 538, 541 (Mo.App. E.D.1987). Whether a contract is ambiguous is a question of law for the court. *Edgewater Health Care, Inc. v. Health Sys. Manage-*

*ment, Inc.*, 752 S.W.2d 860, 865 (Mo.App. E.D.1988).

■ An ambiguity does not exist merely because the parties dispute the meaning of the contract. *Central City Ltd. Partnership v. United Postal Sav. Ass'n*, 903 S.W.2d 179, 182 (Mo.App. E.D. 1995). "A contract is ambiguous only if its terms are susceptible of more than one meaning so that reasonable [persons] may fairly and honestly differ in their construction of the terms." *Jake C. Byers, Inc. v. J.B.C. Invs.*, 834 S.W.2d 806, 816 (Mo.App. E.D.1992) (internal quotation marks omitted) (quoting *Union Center Redevelopment Corp. v. Leslie*, 733 S.W.2d 6, 9 (Mo. App. E.D.1987)). Put another way, ambiguity exists in a contract "when there is duplicity, indistinctness, or uncertainty in the meaning of the words used ..." *Alack v. Vic Tanny Int'l of Mo., Inc.*, 923 S.W.2d 330, 337 (Mo. banc 1996) (internal quotation marks omitted) (quoting *Rodriguez v. General Accident Ins. Co.*, 808 S.W.2d 379, 382 (Mo. banc 1991)).

■ Despite the parties' disagreement about the meaning of paragraph 2 of the December 1996 letter agreement, we find the language of that paragraph is not ambiguous and imposes liability on BSE for charges due under the Lease that are not paid by Michael–Glen, Inc. That paragraph clearly addresses the liability of two different sets of responsible parties under two separate documents. The first part of the paragraph sets forth, without qualification, BSE's continuing obligations under the original Lease. The second part of the paragraph delineates the Shaffers' liability as specified in the July 1994 letter agreement.

We conclude the record does not preclude the entry of summary judgment in Northwest Plaza's favor based on BSE's affirmative defense of compliance with the

Lease's assignment provision through the December 1996 letter agreement in which BSE assigned the Lease to Michael–Glen, Inc. Accordingly, the trial court properly granted summary judgment in favor of Northwest Plaza with respect to that affirmative defense.

■ To the extent we should consider other aspects of the motion for summary judgment to ascertain whether the trial court properly entered judgment in favor of Northwest Plaza, we also conclude the record discloses no genuine issue of material fact regarding either Northwest Plaza's claim against BSE for rent and possession; or the other two affirmative defenses presented by BSE. As a plaintiff seeking summary judgment, Northwest Plaza needs to establish no genuine dispute as to material facts on which it has the burden of persuasion at trial. "To prove a case for rent and possession, [a l]andlord need only show that [its t]enant failed to pay rent and that [the l]andlord has made a demand for that rent." *Ellsworth Breihan Bldg. Co. v. Teha, Inc.*, 48 S.W.3d 80, 82 (Mo.App. E.D.2001). Here, the affidavits submitted by Northwest Plaza show the nonpayment of rent and other related charges due under the Lease in 2001, as well as a demand for payment of the unpaid rent and other charges. The demand for payment is not disputed. No averment in an affidavit or other evidentiary material counters the averments and exhibits of Northwest Plaza showing there are amounts remaining unpaid under the Lease. Accordingly, Northwest Plaza has established there is no genuine dispute regarding the material facts it needs to prove to establish its rent and possession claim.

Additionally, as a plaintiff seeking summary judgment, Northwest Plaza must demonstrate that BSE's other affirmative defenses fail as a matter of law. With respect to BSE's defense that Northwest Plaza has failed to state a cause of action upon which relief may be granted, we conclude the allegations of Northwest Plaza's Affidavit and Statement in Landlord's Case (petition) satisfy Sections 535.020 et seq. RSMo 2000, the statutory basis for the rent and possession claim. As Section 535.020 RSMo 2000 requires, the allegations in the petition state: the terms on which the property was rented, the amount of rent due, that a demand for unpaid rent was made, that payment has not been made, and a description of the leased property. Thus, BSE's affirmative defense based on a failure to state a cause of action upon which relief may be granted fails as a matter of law.

■ BSE's remaining affirmative defense is that the action is barred by "latches." To the extent a rent and possession claim is an action at law, the doctrine of laches does not apply to defeat the claim. *Marvin E. Nieberg Real Estate Co. v. Taylor–Morley–Simon, Inc.*, 867 S.W.2d 618, 626 (Mo.App. E.D.1993). To the extent we should consider the application of the laches doctrine here, we find it does not apply to bar Northwest Plaza's claim. Laches is an equitable doctrine which provides that an "unreasonable delay bars a claim if the delay is prejudicial to the" party asserting the laches defense. *Mississippi–Fox River Drainage Dist. No. 2 v. Plenge*, 735 S.W.2d 748, 754 (Mo.App. E.D.1987). Whether or not to apply laches under the circumstances is a matter for the trial court's sound discretion. *Id.* Here, the undisputed record discloses that Northwest Plaza made a demand for payment of the outstanding rent and related amounts in April 2001 and filed the lawsuit on May 1, 2001, when it had not received the payment. Under these circumstances, we find no basis for finding a delay, much less an unreasonable delay or a delay that

prejudiced BSE, in Northwest Plaza's pursuit of its rent and possession claim.

Based on our *de novo* review, Northwest Plaza was entitled to judgment as a matter of law and there was no dispute of material fact to preclude the entry of summary judgment in its favor. The trial court did not err in granting Northwest Plaza's motion for summary judgment and entering judgment in favor of Northwest Plaza based on that motion and the available record. Point is denied.

■■■ By a separate motion, Northwest Plaza seeks an award of $6,310.00 in attorney's fees on appeal. BSE asks that, if the trial court's judgment is affirmed, we remand the issue of fees on appeal to the trial court. An award of fees on appeal is appropriate because the Lease provides that Northwest Plaza may recover such fees from BSE when they are "incurred in connection with any matter relating to this Lease" and the Lease was the subject of the issues presented on appeal. *See Bechtle v. Tandy Corp.*, 77 S.W.3d 689, 696 (Mo.App. E.D.2002).

The judgment is affirmed and the case is remanded to the trial court with directions to determine a reasonable award of attorney's fees for this appeal.

ROBERT G. DOWD, JR., Presiding Judge and GEORGE W. DRAPER III, Judge, Concur.