

# In the Missouri Court of Appeals
# Eastern District

DIVISION THREE

| | | |
|---|---|---|
| JANET BEHRICK, | ) | No. ED108092 |
| | ) | |
| Plaintiff/Appellant, | ) | Appeal from the Jefferson |
| | ) | County Circuit Court |
| v. | ) | |
| | ) | |
| KONERT FARMS HOMEOWNERS' | ) | |
| ASSOCIATION, | ) | Honorable Troy Cardona |
| | ) | |
| Defendant/Respondent. | ) | Filed: May 12, 2020 |

## Introduction

Janet Behrick (Appellant) appeals from the trial court's granting of summary judgment in favor of Respondent Konert Farms Homeowners' Association (HOA) and denying Appellant's motion for summary judgment on Appellant's claims against the HOA for their failure to perform certain duties she alleges are owed under the Declaration of Trust, Covenants, Conditions and Restriction of Konert Farms (Declaration). We affirm the judgment of the trial court.

## Factual and Procedural Background

Appellant filed a claim against the HOA for failing to repair and maintain a limestone rock wall in her backyard. Both Appellant and Respondent filed motions for summary judgment, along with exhibits and memoranda of law in support of their respective motions. The trial court held a hearing on the motions and both sides presented evidence. The uncontroverted material facts established the following:

Konert Farms is a subdivision of single-family homes located in Jefferson County, Missouri. Appellant owns a home on Lot 27 of the subdivision. The subdivision was developed by Laredo Development Co., LLC (Laredo). The Declaration and a plat depicting the layout plan for the subdivision (Plat) were recorded in the office of the Recorder of Deeds of Jefferson County, Missouri, in 2006. The HOA's rights and obligations with regard to the subdivision are governed by the Declaration and the incorporated Plat. The Plat shows a scored line running through the backyards of several lots in the subdivision, including Lot 27, labeled "30' W. Ret. Wall Esmt." According to the HOA, this scored line indicates an easement for the placement and maintenance of a retaining wall Laredo had planned to install where indicated on the Plat. In addition to the Plat, Laredo also produced a site plan (site plan) that depicted Lot 27 and the surrounding area. The site plan shows two lines running parallel through the back of Lot 27 and adjacent lots, one labeled "Rock Wall," and one towards the rear of the lots labeled "Retaining Wall."

In the course of developing the subdivision, the ground in the rear of Lot 27 and adjacent lots was excavated. The excavation cut into limestone bedrock underneath the soil, revealing a rock wall (limestone rock wall), which runs through the rear of Lot 27 and adjacent lots approximately where the site plan shows a "Rock Wall." The limestone rock wall is a sheer and unadorned rock face composed of native limestone bedrock. However, unlike the site plan's depiction, no retaining wall was built behind the limestone rock wall.

After the initial development of the subdivision, the HOA installed a wire mesh over the limestone rock wall to mitigate crumbling and falling rocks. However, the netting began to fail, allowing rock debris to fall into the backyards of Lot 27 and adjacent properties. The HOA

removed the failed netting and rock debris but did not replace the netting or install any new measures to prevent crumbling rock debris from the limestone rock wall.

Appellant filed suit against the HOA, alleging the Declaration gives rise to a duty to repair and maintain the limestone rock wall in the rear of Lot 27. The relevant provisions of the Declaration are as follows:

> **Article VI – Assessments**
> **Section 1.** The Declarant, for each Lot it owns within Konert Farms, hereby covenants, and each Owner of any Lot by acceptance of a Deed therefor, whether or not it shall be so expressed in such Deed, is deemed to covenant and agree to pay to the Association based upon a percentage equal to the total amount of Lots owned by each Lot Owner, divided by the total amount of Lots located within Konert Farms, as follows:
>
> \*       \*       \*       \*       \*
>
> c) All assessments which are levied to pay for the cost of illuminating, maintaining, replacing, irrigating, insuring and landscaping the Common Areas, including but not limited to any and all entrance monuments serving Konert Farms, if any, including those located outside of the Development, the detention area, *the retaining walls and guard rails installed at the direction of Declarant located within Development including those located within Lots 1-5, 17-27, and in Common Ground located along Konert Hill Drive and Konert Hill Court*, the stone revetments and box culverts located within the Development, the private streets and street lights, sidewalks and the islands located in the center of the cul-de-sacs and in the streets in the Development….
>
> \*       \*       \*       \*       \*
>
> **Article VIII** – **Exterior Maintenance**
> **Section 1.** Each Lot located in the Development must be maintained at all times in accordance with the terms set forth in this Declaration and in a clear, neat and attractive manner. *The retaining walls and guard rails installed at the direction of Declarant located within the Development including those located within Lots 1-5, 17-27, and on Common Ground located along Konert Hill Drive and Konert Hill Court, shall be maintained by the [HOA], as provided for in Article XIII, below, however, the fences installed on top of the retaining walls, if any, are to maintained [sic] by the Lot Owners, in accordance with the terms of this Declaration.* Theses [sic] fences, if any, shall be maintained in a clear and orderly manner, uniform in color, shape, size and in material at all times.
>
> \*       \*       \*       \*       \*

3

**Article X – Easements**
**Section 11.** At all times while this Declaration is in effect, the [HOA], its directors, officers, agents and employees, are hereby granted an easement to enter upon any Lot, any part of the Common Areas or any part of the Development, in order to install, illuminate, maintain, repair, landscape, and replace:

\*     \*     \*     \*     \*

(b) exterior walls (stone, masonry or retaining) and guard rails, which exterior walls and guard rails were installed by the Declarant, and are shown on the record plat of Konert Farms including those located within Lots 1-5, 17-27, and in Common Ground located along Konert Hill Drive and Konert Hill Court….

\*     \*     \*     \*     \*

**Article XIII – Powers and Duties of the [HOA]**
The [HOA] shall have the following rights, powers, duties and obligations:

\*     \*     \*     \*     \*

**Section 2.** To exercise such control over all easements, Common Areas located in Konert Farms, including but not limited to entrance monuments for Konert Farms, exterior walls (stone, masonry or retaining) and guard rails, *which exterior walls and guard rails were installed by the Declarant, and are shown on the record plat of Konert Farms including those located within Lots 1-5, 17-27, and in Common Ground located along Konert Hill Drive and Konert Hill Court*, all detention areas located within the Development, the stone revetments and box culverts located within the Development, the private streets and street lights, sidewalks and the islands located in the center of the cul-de-sacs and in the streets in the Development (except for those easements, private streets and roads, sidewalks and streetlights which are now or may hereafter be dedicated to and accepted by public bodies or agencies for maintenance purposes), shrubbery, storm water sewers, sanitary sewer trunks and lateral lines, pipes and disposal and treatment facilities, if any and as may be shown on any recorded plat of the Development as is necessary to maintain, repair, rebuild, supervise and insure the proper use of said easements, private streets and private roads, and all Common Areas by the necessary public utilities and others, including the right (to itself and other to whom it may grant permission) to construct, operate and maintain on, under and over all said easements and streets, sewers, street lights, pipes, poles, wires and other facilities and public utilities for service to the Lots shown on said plats, and the right to establish traffic rules and regulations for the usage of driveways, private streets and sidewalks, if any, located in Konert Farms.

\*     \*     \*     \*     \*

**Section 8.** *To maintain, repair and replace* all improvements located in the Common Areas, and do exterior maintenance upon each Lot as set forth in Article

4

VIII above, and *the retaining walls and guard rails, which retaining walls and guard rails were installed by the Declarant, and are shown on the record plat of Konert Farms including those located within Lots 1-5, 17-27, and in Common Ground located along Konert Hill Drive and Konert Hill Court.*

\*     \*     \*     \*     \*

**Section 14.** *The Association will repair, maintain, replace and restore the retaining walls and guard rails installed at the direction of the Declarant located within the Development including those located within Lots 1-5, 17-27, and in Common Ground located along Konert Hill Drive and Konert Hill Court, together with any other retaining walls located in the Development that are installed by the Declarant and depicted on the plat of the Development, whether located on Lots, Common Areas and an easement for access to and on any Lot is hereby granted and reserved to complete any of the foregoing.* Fences installed by the Declarant on top of the retaining walls (if any) are to be maintained in accordance with the terms of this Declaration, by the Owners of the Lots where the fences are located, and all other exterior walls which are ornamental shall be maintained by the Lot Owner.

(all emphasis added).

Appellant claimed the language in the Declaration directing the HOA to repair, maintain, and replace retaining walls and fences installed by the Declarant in the subdivision meant the HOA is obligated to repair and maintain the limestone rock wall in her backyard. The HOA maintained that the plain language of the Declaration does not give rise to a duty to repair the limestone rock wall on Appellant's property because it is neither a retaining wall nor a guard rail and was not "installed" by the HOA or Laredo. As part of their motion for summary judgment, the HOA presented evidence which showed that, although Laredo had planned to build a retaining wall where indicated on the site map, it never did so. The HOA also introduced exhibits showing the presence of retaining walls with fences located in other areas of the subdivision as described in the Declaration. Appellant objected to the HOA's reliance on this evidence for summary judgment on the grounds it was irrelevant and immaterial.

5

After submission of evidence and argument from the parties, the trial court granted summary judgment in favor of the HOA and denied Appellant's motion for summary judgment. This appeal follows.

## Points on Appeal

In two separate points, Appellant claims the trial court erred by granting summary judgment to the HOA, and by not granting her summary judgment on her claims against it. For the sake of simplicity, we will discuss Appellant's claims together.

## Standard of Review

Our review of the trial court's granting of summary judgment is *de novo*. Rice v. Shelter Mut. Ins. Co., 301 S.W.3d 43, 46 (Mo. banc 2009). When considering an appeal from the party against whom summary judgment was granted, we review the factual record in the light most favorable to that party. ITT Comm. Fin. Corp. v. Mid-Am. Marine Supply Corp., 854 S.W.2d 371, 376 (Mo. banc 1993). Summary judgment is appropriate where the pleadings and evidence proffered establish no genuine issues of material fact exist, and the moving party is entitled to judgment as a matter of law. Glenn v. Healthlink HMO, Inc., 360 S.W.3d 866, 871 (Mo. App. E.D. 2012). We will affirm the trial court's granting of summary judgment if it is correct as a matter of law on any grounds. Rice, 301 S.W.3d at 46.

"Ordinarily, the denial of a motion for summary judgment will not be reviewed on appeal." Grissom v. First Nat'l Ins. Agency, 371 S.W.3d 869, 879 (Mo. App. S.D. 2012). "Where, however, the material facts are undisputed and the merits of the denied cross-motion for summary judgment are inextricably intertwined with the issues raised in the granted motion for summary judgment, the merits of the denial of the cross-motion may be reviewed on appeal." Farmer's Ins. Co. v. Wilson, 424 S.W.3d 487, 491 n.4 (Mo. App. S.D. 2014).

6

In essence, Appellant argues the plain language of the Declaration gives rise to a duty on the part of the HOA to repair and maintain the limestone rock wall in her backyard. She derives this alleged duty from language in the Declaration stating the HOA will be responsible for repairing, maintaining, and replacing retaining walls and fences installed by the Declarant.

To resolve this dispute, we apply to the Declaration the general law applicable to any contract dispute. Trs. of Clayton Terrace Subdivision v. 6 Clayton Terrace, LLC, 585 S.W.3d 269, 280 (Mo. banc 2019). "The cardinal rule for… interpreting a contract… is to effectuate the parties' intent at the time of contracting." Bailey v. Federated Mut. Ins. Co., 152 S.W.3d 355, 357 (Mo. App. W.D. 2004). To ascertain the original intent of the parties to a contract, we will "give the words of the contract their natural, ordinary, and common sense meaning." Trs. of Clayton Terrace Subdivision, 585 S.W.3d at 280 (citation and internal quotation marks omitted). Absent ambiguity, courts will not resort to any canons of construction, and the contract will be enforced as written. Allen v. Cont'l W. Ins. Co., 436 S.W.3d 548, 554 (Mo. banc 2014). "A contract is ambiguous only if its terms are susceptible of more than one meaning so that reasonable [persons] may fairly and honestly differ in their construction of the terms." Jake C. Byers, Inc. v. J.B.C. Invs., 834 S.W.2d 806, 816 (Mo. App. E.D. 1992) (internal quotation marks omitted), quoting Union Center Redevelopment Corp. v. Leslie, 733 S.W.2d 6, 9 (Mo. App. E.D. 1987). Ambiguity arises when there is duplicity, indistinctness, or uncertainty in the meaning of the words used. Id. "An ambiguity does not exist merely because the parties dispute the meaning of the contract." Id.

Here, although the parties dispute the meaning of the contract, neither party argues the contract is ambiguous. We agree the terms of the Declaration at issue are unambiguous, and

impose a duty on the HOA to repair the limestone rock wall in Appellant's yard if it is a "retaining wall" that was "installed" by, or at the direction of, the Declarant. In determining the meaning contemplated by the plain and ordinary language of the Declaration, we may refer to the dictionary to supply the words' meaning. Bailey, 152 S.W.3d at 357. We must also be mindful of the context of the contract when selecting and applying the appropriate dictionary definition of the relevant terms. Id.

A search of Merriam-Webster online dictionary produces the following definition for "retaining wall": "a wall that is built to keep the land behind it from sliding." From this definition we derive a few key principles important for analyzing the instant matter. Some critical elements of the definition are that the wall in question must have been *built*, and that its builder must have had a specific intent, and that intent was to prevent a mass of earth, which the wall supports, from moving over the space that the wall borders.

Considering this definition, we hold the limestone rock wall in Appellant's backyard is not a retaining wall. First, it was not built by the Declarant, or anyone else. Merriam-Webster's online dictionary defines "build" as "to form by ordering and uniting materials by gradual means into a composite whole." The limestone rock wall was not "built" because it was not formed by "ordering and uniting materials" into a "composite whole." Rather, it was a natural formation present in the subterranean strata of the subdivision until revealed by excavation.

Even if the limestone rock wall were a retaining wall, it must have been "installed" by the Declarant before the Declaration gives rise to a duty by the HOA to maintain, repair, or replace it. Turning again to Merriam-Webster's online dictionary, "install" is defined as "to set up for use or service." Again, nothing suggests the naturally occurring limestone rock was "installed" by Laredo or the HOA for its use in serving as a retaining wall. The limestone rock wall does not

8

serve an intentional purpose of holding the material behind it from sliding forward. No evidence appears on the record establishing the nature of the material on the other side of the limestone rock wall, or whether the limestone rock wall is preventing it from sliding forward. But even if it were loose earth being restrained only by the limestone rock wall, it would still not be a retaining wall, or "installed" by Laredo, because no conscious, volitional act of a builder caused it to do so. Applying the normal and ordinary usage of the terms of the Declaration, as derived from dictionary definitions of same, we find the limestone rock wall in Appellant's backyard is not a retaining wall, and was not installed by the subdivision's developers. Thus, the Declaration does not give rise to a duty by the HOA to maintain, repair, or replace it.

We turn now to address the various arguments raised by Appellant. Appellant claims Article X Section 11 imposes a broader duty on the HOA to maintain structures other than retaining walls. Appellant is mistaken. This term grants the HOA and its agents "an easement to enter upon any Lot… in order to… replace:… (b) exterior walls (stone, masonry or retaining)…." Although this provision broadens the range of walls contemplated, it does not impose a duty on the HOA to repair them. Rather, it grants them an easement onto the lots for the enumerated purposes. We do not read beyond those terms to imply some affirmative duty to repair the limestone rock wall in Appellant's backyard. See Taticek v. Homefield Gardens Condo. Ass'n, 502 S.W.3d 645, 649-50 (Mo. App. E.D. 2016) (provision of declaration empowering condominium association to make rules does not impose an obligation to do so).

In her reply brief, Appellant changes to a slightly different tack in how she argues the trial court erred by granting summary judgment for the HOA. Here, Appellant notes both parties' agreement that the terms of the Declaration are unambiguous. As such, Appellant claims the trial

court erred by considering extrinsic evidence because doing so is inappropriate when the terms of the contract are unambiguous.

Appellant is correct that "when a contract is unambiguous, the intent of the contract is discerned solely from the contract's language." Trs. of Clayton Terrace Subdivision, 585 S.W.3d at 280 (citation and internal quotation marks omitted). Appellant also cites a line of cases suggesting that, if extrinsic evidence were required to resolve some ambiguity in the Declaration, then a question of fact necessarily exists that would preclude summary judgment. See, *e.g.*, Mo. Consol. Health Care Plan v. BlueCross BlueShield of Mo., 985 S.W.2d 903, 908 (Mo. App. W.D. 1999) ("Where the language of the contract is found to be ambiguous, requiring parol evidence to determine the intent of the parties, the summary judgment should be reversed and the case remanded for further proceedings."). Appellant maintains we must reverse the judgment and remand the case for trial because "the HOA's assertions about the nature of the [limestone rock wall] are based entirely on extrinsic evidence."

Appellant's argument misses a critical nuance: while the law does not allow extrinsic evidence to alter the meaning of an unambiguous term in a contract, here extrinsic evidence is necessary to establish whether or not the Declaration's terms have been breached. In general, an action based upon a breach of contract includes four essential elements: (1) the existence and terms of a contract; (2) that the plaintiff performed or tendered performance pursuant to the contract; (3) the defendant breached the contract; and (4) damages suffered by plaintiff. Keveney v. Mo. Military Acad., 304 S.W.3d 98, 104 (Mo. banc 2010). Notably, only the first element, the existence and terms of a contract, can be established from within the four corners of the contract itself. Every other element requires evidence showing facts outside of the contract's terms. Put another way, the rights and duties of the parties flow from the contract itself; whether

the parties comported themselves within those rights and duties is necessarily a question of fact which the contract itself cannot answer. See, *e.g.*, <u>Northwest Plaza, L.L.C. v. Michael-Glen, Inc.</u>, 102 S.W.3d 552, 555–556 (Mo. App. E.D. 2003) (appellate court reviews summary judgment by analyzing both the terms of the contract and undisputed factual evidence establishing breach thereof).

Here, the HOA's evidence did not seek to resolve any non-existent ambiguity of the contract; it showed the nature of the subject over which the parties disputed – that is, what the limestone rock wall is, and why it is not a retaining wall. Evidence that a retaining wall was planned but never built rebutted Appellant's invitation to the trial court to infer the limestone rock wall must be a retaining wall because the Declaration and Plat mention one. Evidence of the limestone rock wall's nature is necessary to determine whether the contract has been breached, because, under the terms of the Declaration, the HOA is not under an obligation to repair every object in Appellant's backyard; it is only obligated to repair retaining walls and fences that were installed by the Declarant. That is the law arising out of the contract; the nature of the limestone rock wall is a question of fact. In order to show the trial court erred by granting summary judgment on the basis of the limestone rock wall not being a retaining wall, Appellant must show there is a genuine, not merely semantic, dispute as to the nature of the limestone rock wall in her backyard. "For the purposes of summary judgment, a 'genuine dispute' exists if the record contains competent evidence of two plausible, but contradictory, accounts of essential facts." <u>Penzel Construction Co., Inc. v. Jackson R-2 School Dist.</u>, 544 S.W.3d 214, 225 (Mo. App. E.D. 2017) (citation omitted). Given the ample evidence on the record establishing the limestone rock wall is not a retaining wall, and lack of evidence meaningfully putting that fact at issue, Appellant fails in her burden to show there is a genuine dispute of the essential facts. It

follows that, because there is no genuine dispute of an essential fact, and the terms of the contract are unambiguous, the trial court was correct to grant summary judgment in favor of Respondent. Northwest Plaza, L.L.C., 102 S.W.3d at 558.

"Summary judgment is appropriate in contract cases when the meaning of the portion of the contract in issue is so apparent that it may be determined from the four corners of the contract." Schelle v. Mercantile Bancorporation, Inc., 741 S.W.2d 720, 724 (Mo. App. E.D. 1987). Here, not only does Appellant concede the Declaration is unambiguous, she concedes in her reply brief that the limestone rock wall "does not fit the traditional definition of a retaining wall…." We agree, and it is this which leads inexorably to the conclusion that the Declaration does not impose a duty on the HOA to repair it. Appellant can point to nothing in the Declaration that would suggest nontraditional definitions of "retaining wall," whatever those might be, are encompassed by the plain and unambiguous language used.

Finally, Appellant suggests the Declaration must be read to impose a duty to repair the limestone rock wall to avoid rendering terms referring to the retaining wall behind Lot 27 and adjacent lots meaningless, in contravention of Missouri law. The case law cited by Appellant states, "[E]ach term of a contract is construed to avoid rendering *other* terms meaningless." Trs. of Clayton Terrace Subdivision, 585 S.W.3d at 280, quoting Dunn Indus. Grp., Inc. v. City of Sugar Creek, 112 S.W.3d 421, 428 (Mo. banc 2003) (emphasis added). We emphasize "other" because Appellant argues not that a plain reading of the provisions in question renders other terms meaningless, but that it renders *itself* meaningless. Appellant's argument attempts to stretch this rule of contract interpretation beyond its usual application. To illustrate, in Trs. of Clayton Terrace Subdivisions, the case cited by Appellant, the Missouri Supreme Court employed this axiom to avoid construing a provision in a covenant restricting how many

residences may be built on a particular lot as inapplicable once the lot has been subdivided by pointing out various other provisions in the covenant which could be nullified simply by subdividing lots. Id. at 284. The Trs. Of Clayton Terrace Subdivisions Court did not employ this rule to circumvent a plain reading of an unambiguous provision, as Appellant urges us to do. Trs. of Clayton Terrace Subdivisions is unhelpful to Appellant because a plain reading of the relevant terms of the Declaration does not render any *other* provision meaningless. Rather, due to the surrounding circumstances, those provisions themselves have been rendered meaningless, because the retaining wall to which the Declaration refers was never installed. No rule of contract interpretation can contradict the plain and unambiguous language of the Declaration, or the inescapable factual absence of retaining walls in Appellant's backyard.

## Conclusion

Appellant fails to demonstrate there is a genuine issue of material fact as to the nature of the limestone rock wall in her backyard. We find the limestone rock wall is not a retaining wall and thus, under the unambiguous terms of the Declaration, the HOA has no obligation to maintain, repair, or replace it. The trial court's grant of summary judgment in favor of the HOA and denial of Appellant's motion for summary judgment is affirmed.

Sherri B. Sullivan
_____
SHERRI B. SULLIVAN, J.

Mary K. Hoff, P.J., and
Angela T. Quigless, J., concur.

13